# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:16-cr-00199-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| TAISON MCCOLLUM, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 56). The Government opposes the motion. (Doc. No. 63).

## I. DISCUSSION

Defendant was convicted on possession of a firearm by convicted felon in the United States District Court, Western District of North Carolina – Charlotte Division. (Doc. No. 29). This Court imposed 37 months followed by three years of supervised release on April 26, 2017. (Id. at 2-3). The Fourth Circuit Court of Appeals reviewed Defendant's sentence and determined that Defendant was entitled to a new sentencing hearing. (Doc. No. 39). This Court on July 19, 2018 re-sentenced Defendant to time-served. After completion of his sentence, Defendant began his three years of supervised release on or about July 20, 2018. (Doc. No. 49 at 1).

On or about March 24, 2021, the Charlotte-Mecklenburg Police Department charged Defendant with possession of a firearm by felon, hit and run – fail to stop, and communicating threats. Officer Corey Lapointe with the Office of United States Probation (USPO) then filed a

violation report on March 31, 2021 based on those new law violations and Defendant's drug use. (Id. at 1-2). The Honorable David C. Keesler then ordered the issuance of a warrant for Defendant's arrest. (Id. at 6). The United States Marshals Service (USMS) as a result filed a detainer for Defendant's arrest that same day. On July 8, 2021, Defendant was served with the federal arrest warrant. (Doc. No. 50). Defendant then had his initial appearance on July 12, 2021 and the Honorable David S. Cayer appointed Defendant an attorney. Defendant through counsel waived his right to a preliminary hearing and requested a continuance on his detention hearing. Judge Cayer granted the request.

On July 22, 2021, Judge Keesler held a detention hearing where an attorney appeared with Defendant. After conducting the hearing and considering arguments, Judge Keesler ordered Defendant detained. (Doc. No. 59). Judge Keesler found that Defendant failed to carry his burden that he would not flee or pose a danger to any person or the community. (Id.). Judge Keesler also found the Government had proven there was no condition or combination of conditions of release that would reasonably assure the safety of the community from Defendant and there was no condition or combination of conditions of release that would reasonably assure Defendant's appearance. (Id. at 2-3).

On July 13, 2021, the Clerk's Office filed Defendant's July 7, 2021 handwritten request for early termination of his supervised release. (Doc. No. 56). This Court then ordered the Government to file a response to McCullum's motion. (Doc. No. 62).

Defendant asserts his fundamental due process rights were violated. First, he believes USPO Officer Corey Lapointe did not file a violation report until after Defendant posted bail on his state offenses. Second, Defendant believes the federal arrest warrant should have been executed while he was a state inmate. Both contentions are wrong.

Defendant argues that the USPO failed to initiate the violation until Defendant had "posted bail on unrelated state matters."[1] (Doc. No. 56. at 2, 6). That claim is not true. The record is clear Officer Lapointe filed Defendant's violation report on March 31, 2021. Moreover, the record is clear Judge Keesler ordered the issuance of a warrant for Defendant's arrest that same day. This argument is without merit.

Next, Defendant claims Officer Lapointe should have executed the federal arrest warrant within the ninety days Defendant was in the Mecklenburg County Detention Center. (Id. at 10). But Defendant was a state inmate and not federal. A proper federal detainer was issued and it kept Defendant from being released prior to the execution of the federal arrest warrant. Once Defendant was no longer a state inmate, the federal arrest warrant was served within six days and he had his initial appearance within ten days. At his initial appearance, the magistrate court advised Defendant about the petition and appointed him an attorney. On July 15, Defendant then through counsel waived his preliminary hearing to contest the allegations. Defendant then was provided an opportunity to have a detention hearing though the court continued Defendant's detention on July 22. As such, the record is clear that Defendant was afforded due process at each stage.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 56), is **DENIED**.

Signed: September 16, 2021



Max O. Cogburn Jr.
United States District Judge

---

[1] The charges that Defendant wrote as "unrelated" are the allegations listed in Violations 1 and 2 of the Supervised Release Petition.